UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AJAY KUMAR,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX ICE DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-09210-DAD-SCR

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO APPOINT COUNSEL AS MOOT

(Doc. Nos. 1, 2, 3, 4)

On November 9, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for temporary restraining order (Doc. No. 3), and a motion to appoint counsel (Doc. No. 4). On November 10, 2026, the court set a briefing schedule on the pending motion and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) Respondents were further directed to state any opposition that they have to the court's intention to rule on the underlying petition based on the current briefing before

it as well as to provide substantive reasons in support of their position in this regard in their opposition. (*Id.*)

On November 12, 2026, respondents filed a combined opposition to the petition and motion for temporary restraining order. (Doc. No. 8.) Therein, respondents argue that petitioner is properly detained pursuant to 8 U.S.C. § 1226(a) and that the petition should be dismissed because petitioner has not exhausted his administrative remedies. (*Id.* at 2–5.) Respondents have not indicated that they oppose this court ruling on the merits of the petition based upon the present briefing, and the court will do so.

Based on the parties' submissions, the court finds the following facts. On June 27, 2023, petitioner was issued a Notice to Appear for removal proceedings. (Doc. No. 8-1 at 4.) Petitioner was apparently placed on some form of immigration supervised release because he states in his petition that ICE placed an ankle monitor on him in 2023, and that the monitor was removed one year later. (Doc. No. 1 at 13.) Petitioner also states that ICE conducted a home visit and that he did not miss any ICE check-ins. (*Id.*) Petitioner appears to have been re-detained by ICE on or about September 25, 2026 or October 10, 2026.[1] (Doc. Nos. 1 at 20; 8-1 at 2.) Neither party has provided documentation suggesting that petitioner was arrested by ICE pursuant to a warrant, that he was provided with notice of the reason for his re-detention, or that he has been provided with a pre- or post-deprivation custody determination.

First, the court considers respondents' argument that petitioner should be required to exhaust his administrative remedies. In the pending petition, petitioner challenges his detention on due process grounds. (Doc. No. 1 at 27–29.) The court incorporates its reasoning set forth in *Ramirez v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-02544-DAD-AC, 2026 WL 1078250, at *2–3 (E.D. Cal. Apr. 21, 2026) (quoting *Hernandez v. Mullin*, No. 5:26-cv-00585-JAK-ADS, 2026 WL 846037, at *7–8 (C.D. Cal. Mar. 24, 2026)) and concludes that waiver of

---

[1] Petitioner states that he was detained on September 25, 2026, and that ICE arrested him at the Fresno, California police department. (Doc. No. 1 at 20.) Respondents state that petitioner was scheduled to be released from the Fresno County Jail on October 10, 2026 and that he was arrested by ICE on the same day. (Doc. No. 8-1 at 2.) The court does not resolve this factual discrepancy because the exact date of petitioner's detention does not affect the court's analysis.

exhaustion is appropriate where, as here, petitioner raises due process challenges to the procedures employed by immigration authorities.

Second, the court considers whether petitioner was properly detained pursuant to § 1226(a). In light of petitioner's prior release by immigration authorities, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release and that he should have been provided notice and pre-deprivation process prior to his re-detention. Further, the court incorporates and adopts the reasoning set forth in *Moran v. Andrews*, No. 1:26-cv-04891-DAD-AC, 2026 WL 1893581, at *2 (E.D. Cal. June 30, 2026), where, as here, the respondents provided no evidence or argument that there was the necessity of quick action by ICE such that petitioner could not have been provided a pre-deprivation hearing after he was released by local authorities.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner Ajay Kumar, A-File No. 240-431-075, from respondents' custody on the same conditions, if any, he was subject to prior to his re-detention;

   b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

/////

/////

3. Petitioner's motion for a temporary restraining order (Doc. No. 3) and motion to appoint counsel (Doc. No. 4) are hereby DENIED as having been rendered moot by this order granting his *habeas* petition on the merits;

4. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **November 25, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE